**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**CALVIN M. SMITH**                                                              **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO. 2:06cv181-MTP**

**BILLY MCGEE, et al.**                                                      **DEFENDANTS**

**OPINION AND ORDER**

THIS MATTER is before the court on the Defendants' Motion for Summary Judgment [36], seeking judgment in their favor on claims raised against them by the *pro se* Plaintiff's civil rights complaint.  Having reviewed the submissions of the parties and the applicable law, the court finds that the Motion [36] should be GRANTED and that the Plaintiff's claims should be dismissed with prejudice.

FACTUAL BACKGROUND

Plaintiff Calvin M. Smith, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on July 13, 2006.  Plaintiff asserts claims against Defendants Billy McGee, George Robertson, Matthew Finley, Charles Bolton, and Glen Nobles relating to excessive force, the denial of adequate medical care, and an inadequate grievance procedure, while Plaintiff was a pretrial detainee and post-conviction inmate[1] at the Forrest County Jail (the "Jail").[2]

Plaintiff seeks monetary relief in the amount of $250,000, and requests that criminal charges be filed against all the officers directly involved in his assault.  *See* Complaint [1] at 7.

---

[1]Based on the evidence before the court, the allegations surrounding Plaintiff's Complaint took place while Plaintiff was both a pretrial detainee and a convicted inmate.  Plaintiff arrived at the Jail on or about May 16, 2006, the alleged assault occurred on July 3, 2006, and Plaintiff was sentenced on July 6, 2006.  *See* Ex. 19 [36-2] to Defendants' Motion [36].

[2] It appears from the docket that Plaintiff is no longer an inmate at the Jail.

On August 2, 2007, Defendants filed their Motion for Summary Judgment [36]. Because the Plaintiff failed to timely respond to the Motion, the court entered an Order [38] requiring the Plaintiff to file his response by September 18, 2007. Although Plaintiff failed to file a response by September 18, 2007, in accordance with the court's Order [38], he subsequently filed a Response [39] to the Motion on or about October 15, 2007. Defendants filed a Motion [40] to Strike Plaintiff's Response as untimely. However, the court will consider Plaintiff's Response [39] in ruling on the Defendants' Motion.

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to the Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

## ANALYSIS

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly*

2

*v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (*citing Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

With this legal framework in mind, the court will address Plaintiff's claims.

<u>Excessive Force</u>

In his Complaint [1], Plaintiff alleged that he was assaulted by two officers and another inmate on or about July 3, 2006. At the time of the alleged assault, Plaintiff was a pretrial detainee.[3] Specifically, Plaintiff alleged that inmate Max Bradley slammed him into the bars and onto a table. He alleges that when he called Officer George Robertson for help, Officer Robertson told them to stop fighting. He claims that he released Inmate Bradley from a headlock and began to walk to his cell. He alleges that Officer Robertson then told him to "come back," and that Inmate Bradley walked towards him and stated, "do you want some more." He claims that Officer Robertson put his pepper spray away, and looked at the two inmates and smiled. *See* Complaint [1] at 2-3.

He alleges that Inmate Bradley initiated the fight once again, and that Officer Robertson

---

[3]Based on the evidence before the court, Plaintiff was sentenced on July 6, 2006. *See* Ex. 19 [36-2] to Defendants' Motion [36].

told them to "get down." *See* Complaint [1] at 3. Plaintiff claims he got down on the floor with his face down and his hands behind his head, but that Officer Robertson then handcuffed him and sprayed him in the eyes and mouth with pepper spray. Inmate Bradley then allegedly "stomped" Plaintiff in the eye.

Next, Plaintiff claims that Officer Matthew Finley grabbed him, took him in the hallway, slammed his face and head on the wall, and grabbed him around his throat until he could not breathe and was "almost unconscious." *See* Complaint [1] at 3. He alleges that Officer Finley then put him in lockdown with cuffs around his feet and a chain around his waist, and stated that Plaintiff "should be glad that they did [not] kill [him]." *See* Complaint [1] at 4.

During his *Spears* hearing, Plaintiff expounded on his allegation that Officer Finley choked him. He testified that after Officer Robertson told Officer Finley that he had already sprayed Plaintiff with pepper spray, Officer Finley took him outside to get some air, supposedly because he felt sorry for him. Plaintiff testified that he was spitting, because he had been sprayed in the mouth with pepper spray, and that when he refused to stop and did not answer Officer Finley's questions, he put his arm on Plaintiff's throat and choked him. Officer Finley then allegedly pushed Plaintiff's face against the wall, but let him go when Plaintiff told him he could not breathe.

"The constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996). "A pretrial detainee's due process rights are said to be as least as great as the Eighth Amendment protections available to a convicted prisoner." *Hare*, 74 F.3d at 639 (internal quotations and citations omitted).

When a pretrial detainee's claim is based on "episodic acts or omissions" by a jail

official, we apply the subjective deliberate indifference standard set forth in *Farmer v. Brennan*.[4] *Hare*, 74 F.3d at 643, 648.  Therefore, "the episodic act or omission of a state jail official does not violate a pretrial detainee's constitutional right to be secure in his basic human needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs." *Id*. at 647-48.

The analysis for an excessive force claim is the same whether it is brought by a pretrial detainee or a convicted inmate.  *See Valencia v. Wiggins*, 981 F.2d 1440, 1447 (5th Cir. 1990). In order to establish a valid excessive force claim, Plaintiff must prove: "(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable."  *Glenn v. Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotations and citations omitted).  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Plaintiff has failed to show that his injuries, specifically his swollen face, resulted "directly and only" from the use of excessive force.[5]  Plaintiff admittedly was involved in an

---

[4]511 U.S. 825 (1994).

[5]In his Response [39] in opposition to the Motion [36], Plaintiff states that "the attached medical records display that the Plaintiff suffered injuries that were not and could not be attained through normal altercation resolution and restraint tactics."  *See* Response [39] at 1-2.  However, there were no records attached to Plaintiff's Response.  Nevertheless, Plaintiff's sworn testimony during his omnibus hearing establishes that he did not suffer any broken bones or permanent injuries of any type as a result of the incident, only that his face was "tender."  Such injuries are *de minimis* and do not amount to a constitutional violation.  *See Copeland v. Nunan*, No. 00-20063, 250 F.3d 743, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (*quoting Hudson v. McMillian*, 503 U.S. 1 (1992)) (internal quotations and citations omitted) ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."); *Lee v. Wilson*, 237 Fed. Appx. 965, No. 06-50191, 2007 WL 2141956, at *1 (5th Cir. July 26, 2007) (affirming dismissal of claims for excessive force and denial of adequate medical treatment because injury to plaintiff's lip was *de minimis*).

5

altercation with Inmate Bradley immediately preceding the alleged excessive force applied by the Defendants. Plaintiff alleges that Inmate Bradley slammed his face into the bars and onto a table, and that he "stomped" his eye. Therefore, Plaintiff has failed to show that the alleged injuries were caused "directly and only" by the alleged excessive force of Defendants.

Further, Plaintiff has failed to show that the force used, including the pepper spray, was "objectively unreasonable." The Plaintiff admits that he and Inmate Bradley continued to fight after Officer Robertson told them to stop. In addition, the sworn testimony of George Robertson establishes that neither inmate responded when he told them to break up the fight, so he had to spray them with pepper spray. *See* Ex. 29 to Motion [36]. Likewise, the sworn testimony of Officer Finley establishes that the Plaintiff continually tried to pull away from him when he was trying to restrain Plaintiff, and that he was forced to push him into the wall and hold him there until Inmate Bradley was restrained. *See* Ex. 30 to Motion [36]. In their affidavits, Officer Robertson and Officer Finley stated that "based on [their] training and experience only necessary force was used to subdue the inmates who were both combative and refused to respond to [their] request to stop fighting." *See* Exs. 29 and 30 to Motion [36]. Based on the foregoing, the court concludes that the Defendants' actions were neither malicious nor sadistic, and were reasonable under the circumstances. Further, any alleged injuries were *de minimis*. *See Copeland v. Nunan*, No. 00-20063, 250 F.3d 743, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (*quoting Hudson v. McMillian*, 503 U.S. 1 (1992)) (internal quotations and citations omitted) ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."); *Lee v. Wilson*, 237 Fed. Appx. 965, No. 06-50191, 2007 WL 2141956, at *1 (5th Cir. July 26, 2007) (affirming dismissal of claims for

excessive force and denial of adequate medical treatment because injury to plaintiff's lip was *de minimis*).

Regarding Plaintiff's claims against Glen Nobles, Billy McGee, and Charles Bolton, prison officials cannot be held vicariously liable for the actions of their subordinates, and Plaintiff has failed to prove that a policy, custom or practice of the Jail was the "moving force" behind the alleged constitutional violation. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). To the contrary, Defendants have submitted evidence that the Jail has a policy of only utilizing the amount of physical force necessary to eliminate the threat faced. *See* Memorandum [37] at 9-10.

For the reasons set forth above, Plaintiff's claim for excessive force fails as a matter of law.

Failure to Protect

In his Response [13] to Order [11],[6] Plaintiff stated that Defendant Glen Nobles violated his constitutional rights by "letting" the assault described above occur, and by "enticing it" to go further. *See* Response [13] at 1. He also claims that he was put in a one-man cell until he healed. Plaintiff alleges similar claims against Defendants Billy McGee and Charles Bolton. *See* Response [13] at 2-3. Likewise, during his *Spears*[7] hearing, Plaintiff testified that Billy McGee was the supervisor over the other deputy sheriffs. Additionally, he claims that Billy McGee had "the final say of putting [Plaintiff] in lockdown, stopping all letter and mail until [he] was healed

---

[6]Plaintiff did not state any allegations against Defendants Billy McGee, Glen Nobles, or Charles Bolton in his Complaint. Accordingly, the court entered an Order [11] requiring the Plaintiff to file a written response specifically stating how each of the aforementioned Defendants violated his constitutional rights.

[7]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on May 1, 2007.

up." *Id.* Finally, he claims that Charles Bolton laughed and made jokes about the assault.

In order to prevail on a failure to protect claim, the Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "In order to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Negligently failing to protect a detainee does not amount to a constitutional violation. *Dilworth v. Box*, 53 F.3d 1281, 1005 WL 295885, at *3 (5th Cir. Apr. 20, 1995).

Plaintiff has failed to present any evidence that he was incarcerated under conditions posing a substantial risk of serious harm from Inmate Bradley. As admitted by Plaintiff, he and Inmate Bradley were playing a game of dominoes immediately preceding the assault. He has also failed to present any evidence that Defendants McGee, Nobles and/or Bolton knew of and disregarded a threat to his safety. During his *Spears* hearing, Plaintiff testified that none of the aforementioned Defendants were physically present at the time of the assault, but that Glen Nobles and Charles Bolton watched it from the control room on the monitor. Even assuming such allegations to be true, they do not amount to deliberate indifference to a substantial risk of serious harm from Inmate Bradley. If these Defendants were in fact watching the assault from the monitor in the control room, they would have seen that two officers had responded to the fight between the inmates and had restrained both Plaintiff and Inmate Bradley. As established by the sworn testimony of George Robertson and Matthew Finley, both men were restrained and taken to lockdown. *See* Exs. 29 and 30 to Motion [36]. In addition, there is no evidence of any

constitutionally deficient policy or lack of policy which would give rise to liability on the part of the Defendants in their official capacity. Accordingly, this claim fails as a matter of law.

### Denial of Adequate Medical Treatment

Plaintiff claims that he was refused "medical call or any grievance forms from 05-3-06 to 05-7-06[8] until I went to the doctor finally he sent me right away to the hospital to get x-rays, 4 days after everthing (sic) happen." *See* Complaint [1] at 4.

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991)); *see also Hare*, 74 F.3d at 647-48 (holding that deliberate indifference standard applies to pretrial detainee's claim for denial of adequate medical care). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (*quoting Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). To successfully make out a showing of deliberate indifference, Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (*quoting Domino*, 239 F.3d at 756); *see also Hare*, 74 F.3d at 648-50 .

Plaintiff has offered no evidence to support his vague allegations that he was denied adequate medical treatment. Indeed, the evidence in the record relating to Plaintiff's medical

---

[8]Presumably, Plaintiff meant to state "7-3-06 to 7-7-06" instead of "05-3-06 to 05-7-06," since the accident allegedly occurred on July 3, 2006, and Plaintiff was not booked at the Jail until May 13, 2006. *See* Ex. 1 [36-2] to Motion [36].

9

care shows that he was seen by a nurse on the day of the incident, and the nurse noted "minimal swelling." *See* Ex. 16 to Motion [36]. The nurse further noted that Plaintiff refused an ice pack for his face. The evidence in the record also shows that Plaintiff was later x-rayed, and that there was no evidence of fracture or dislocation. *See* Ex. 15 to Motion [36]. Further, Plaintiff's sworn testimony during his *Spears* hearing establishes that he did not suffer any broken bones or permanent injuries of any type as a result of the assault, only that his face was "tender."

Moreover, there is no evidence of any personal involvement by the Defendants in the alleged lack of medical care, and no evidence of any constitutionally deficient policy or lack of policy which would give rise to liability on the part of the Defendants in their official capacity. For these reasons, Plaintiff's claim for denial of adequate medical care fails as a matter of law.

<u>Inadequate Grievance Procedure</u>

Finally, Plaintiff alleges that he filed four grievance forms which were never answered, and was not able to press charges against Officer Robertson, Officer Finley, or Inmate Bradley. A prisoner does not have a constitutional right to a grievance procedure, and has no due process liberty interest right to having his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, No. H-06-1119, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007). Accordingly, this claim fails as a matter of law.

## CONCLUSION

For the reasons stated above, the court finds that Defendants' Motion for Summary Judgment [36] is GRANTED and that Plaintiff's claims are dismissed with prejudice. Defendants' Motion to Strike [40] is denied as moot.

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed

herein.

      SO ORDERED AND ADJUDGED this the 21st day of November, 2007.

                                                              s/ Michael T. Parker
                                                              United States Magistrate Judge